Case 2:18-cv-00284   Document 10   Filed on 11/18/18 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
November 19, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| REGINALD ANDRE CALLIS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-284 |
| | § | |
| FRANK HOKE, *et al*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION
TO DISMISS CASE FOR FAILURE TO PROSECUTE**

Plaintiff Reginald Andre Callis, currently confined at the McConnell Unit in Beeville, Texas, has filed this *pro se* civil rights complaint. Plaintiff claims that Defendants are denying him access to the courts.

In a Notice of Deficient Pleading issued on September 10, 2018, Plaintiff was notified that he must do one of the following within twenty days: (1) pay the $350.00 filing fee for civil actions; or (2) submit a completed application to proceed *in forma pauperis* (IFP) along with a certified copy of his inmate trust fund account statement. (D.E. 8). Plaintiff was warned that failure to comply with the Notice of Deficient Pleading in a timely manner may result in his case being dismissed for want of prosecution. (D.E. 8).

Plaintiff failed to comply with the Notice of Deficient Pleading and submit the requested information. On October 16, 2018, the undersigned ordered Plaintiff to show cause within twenty days why his civil rights action should not be dismissed for want of prosecution. (D.E. 9). The undersigned again instructed Plaintiff to pay either the filing

fee or file an IFP application and a copy of his inmate trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint. (D.E. 9, p. 2). Plaintiff was warned that his failure to comply with the October 16 Show Cause Order would result in the undersigned recommending dismissal of this action. (D.E. 9, p. 2)

A district court has authority to dismiss a case for want of prosecution or for failure to comply with a court order. Fed. R. Civ. P. 41(b); *see also Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (holding district courts have the power to *sua sponte* dismiss a cause of action for failure to prosecute). To date, Plaintiff has not responded to either the September 10 Notice of Deficient Pleading or the October 16 Show Cause Order. Plaintiff has repeatedly failed to follow court orders and submit either the filing fee or the appropriate information in support of an application to proceed *in forma pauperis*. He has been previously advised that this action may be dismissed for want of prosecution if he fails to comply with a court order. Dismissal is therefore warranted under these circumstances.

Accordingly, it is respectfully recommended that Plaintiff's case be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b).

Respectfully submitted this 18th day of November, 2018.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).